# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

ANGELIA SOLOMON, )
)
    **Plaintiff,** ) Civil Action No. 3:10-cv-0303
)
v. )
) JUDGE HAYNES
) MAGISTRATE JUDGE BRYANT
CVS CAREMARK CORPORATION, )
CAREMARK, LLC ) JURY DEMAND
    **Defendants** )

## INITIAL CASE MANAGEMENT ORDER

Pursuant to LR 16.01(d), the following Initial Case Management Plan is **proposed**.

1. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1332.

2. INITIAL PLEADINGS: The parties have stipulated and agreed to permit Defendants to file their Answer or other responsive pleadings no later than June 28, 2010.

3. BRIEF THEORIES OF THE PARTIES:

    A. PLAINTIFF: Plaintiff was sexually harassed by members of Defendants' senior management. Defendants' conduct toward Plaintiff had the purpose and effect of interfering with Plaintiff's work performance and was pervasive and severe, thereby creating a hostile work environment. Plaintiff was constructively discharged after Defendants failed to remedy Plaintiff's intolerable working conditions. Defendants are liable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq..

    B. DEFENDANT: Defendants deny that Plaintiff was sexually harassed by Defendants' management, supervision or any other person, that Plaintiff complained about alleged harassment or took reasonable steps to bring it to the attention of management or in any other manner satisfied her affirmative duty to

Page 1 of 5

take advantage of Defendants' strictly enforced policy prohibiting sexual harassment of any kind. Plaintiff was neither retaliated against nor constructively discharged, but instead, voluntarily resigned her employment with Defendants for reasons unrelated to her gender or complaints about sexual harassment. Thus, Defendants are not liable to Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

4. ISSUES RESOLVED: Jurisdiction and venue.

5. ISSUES STILL IN DISPUTE: Liability and damages.

6. INITIAL DISCLOSURES:

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures before July 14, 2010 (30 days from the date of the initial case management conference).

7. MEETING OF COUNSEL AND PARTIES TO DISCUSS SETTLEMENT PROSPECTS

Ninety (90) days from the date of the initial case management conference (September 20, 2010), counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

8. TRIAL DATE

As determined at the case management conference on Monday, June 21, 2010, this action is set for a jury trial on August 30, 2011, at 9:00 a.m.

If this action is to be settled, the Law Clerk shall be notified by noon, August 26, 2011. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held on August 15, 2011, at 3:00 p.m. A proposed pretrial order shall be submitted at the pretrial conference.

9. DISCOVERY

All discovery shall be completed by the close of business on January 31, 2011. All written discovery shall be submitted in sufficient time so that the response shall be in hand by January 31, 2011. All discovery related statements shall be filed by the close of business on February 7, 2011. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as

additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on February 11, 2011, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on February 28, 2011, the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on March 16, 2010. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

Local Rule 39 (c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

10. MOTIONS

All dispositive motions[1] and Daubert motions shall be filed by the close of business on March 11, 2010, and any response thereto shall be filed by the close of business on April 8, 2011. Any reply shall be filed by the close of business on April 22,

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

Page 4 of 5

2011.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

It is so ORDERED.

ENTERED this the 23rd day of June, 2010.

                               *s/ John S. Bryant*
                               JOHN S. BRYANT
                               U. S. Magistrate Judge

Approved for Entry:

s/ Nanette J. Gould
Nanette Gould (#026330)
2021 Richard Jones Rd., Ste. 350
Nashville, TN 37215
(615) 383-3332
ngould@attorneyngould.com
*Attorney for Plaintiff*


/s/ Larry Bridgesmith
Larry Bridgesmith, (#009137)
Miller & Martin PLLC
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219
(615) 744-8580
lwbridgesmith@millermartin.com
*Attorney for Defendant*

---

[2] Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

Page 5 of 5